**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

DATE: 2/18/2021 @ 4:12

TAPE: FTR

TIME IN COURT: 20 minutes

| | | | |
|---|---|---|---|
| MAGISTRATE JUDGE | CHRISTOPHER C. BLY | COURTROOM DEPUTY CLERK: | JAMES JARVIS |
| CASE NUMBER: | 1:21-mj-160-CCB | DEFENDANT'S NAME: | Nihad Al Jaberi |
| AUSA: | Teddy Hertzberg | DEFENDANT'S ATTY: | Victoria Calvert |
| USPO / PTR: | | ( ) Retained ( ) CJA (✓) FDP ( ) Waived | |

✓ ARREST DATE 2/18/21

✓ Initial appearance hearing held.     ✓ Defendant informed of rights.

✓ Interpreter sworn: Hiyam Hadeed

**COUNSEL**

✓ ORDER appointing Federal Defender as counsel for defendant.

___ ORDER appointing _____ as counsel for defendant.

___ ORDER: defendant to pay attorney's fees as follows: _____

**IDENTITY / PRELIMINARY HEARING**

✓ Defendant ORALLY WAIVES identity hearing.     ___ WAIVER FILED

___ Identity hearing HELD.   ___ Def is named def. in indictment/complaint; held for removal to other district.

___ Defendant ORALLY WAIVES preliminary hearing in this district only.   ___ WAIVER FILED

___ Preliminary hearing HELD.   ___ Probable cause found; def. held to District Court for removal to other district

___ Commitment issued. Detention hearing to be held in charging district

**BOND/PRETRIAL DETENTION HEARING**

✓ Government motion for detention filed.     _____ @

___ Pretrial hearing set for _____ @ _____     ( ) In charging district.)

___ Bond/Pretrial detention hearing held.

___ Government motion for detention ( ) GRANTED ( ) DENIED

___ Pretrial detention ordered.   ___ Written order to follow.

___ BOND set at _____     ___ NON-SURETY     ___ SURETY

___ cash     ___ property     ___ corporate surety ONLY

___ SPECIAL CONDITIONS: _____

___ Defendant released.

___ Bond not executed. Defendant to remain in Marshal's custody.

___ Motion ( ___ verbal) to reduce/revoke bond filed.

___ Motion to reduce/revoke bond   ___ GRANTED   ___ DENIED

___ See page 2

Defendant was advised of the below order at today's proceeding.

## Order

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.